UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RONALD POLING, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:07-CV-401RM |
| WALTER MARTIN, | ) ) ) | |
| Respondent | ) | |

OPINION AND ORDER

A conduct adjustment board sanctioned Ronald Poling upon finding him guilty of the institutional offense of intimidation or threatening. After exhausted his institutional remedies, Mr. Poling filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the court denies Mr. Poling's petition.

A Sergeant Adair issued a conduct report to the effect that if Sgt. Adair didn't report that another inmate was threatening Mr. Poling, he would add Sgt. Adair's name to his lawsuit and soon after told Correctional Officer Deaton that he "would take care of Sgt. Adair on the streets." Correctional Officer Deaton wrote a corroborating statement that Mr. Poling said "he would get Sgt. Adair on the streets because he lives around here. OFD." The next day, Mr. Poling received the conduct report and the screening report that served as notice of disciplinary hearing and advised Mr. Poling of his rights. According to the screening report, Mr. Poling pleaded not guilty, requested a lay advocate, and didn't ask for any witnesses or physical evidence.

The conduct board imposed a 60-day earned credit time deprivation and a written reprimand. The board said it relied on staff reports, evidence from witnesses, and Mr. Poling's written and oral statements (the oral statement was summarized as,"I never made the statement about Sgt[.] Adair. I did say the Ct[.] system on the streets was for to get people that think they are above the law. Statements contradicting. They are retaliating against me b/c of lawsuit.").

Mr. Poling contends that his due process rights were violated because his new security level and transfer to segregation cost him his prison job and eligibility for several programs; that his due process rights were violated because he couldn't meet with his lay advocate until five minutes before the hearing; that his due process rights were violated because his request for an outside investigation was denied and because prison staff serves on the conduct adjustment board; and that the severity of his punishment violated his right to be from cruel and unusual punishment.

Mr. Poling's due process rights weren't violated. His transfer to segregation and losses of privileges didn't trigger any due process rights or offend the right to be free from cruel and unusual punishment. Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001); Whitford v. Boglino, 63 F.3d 527, 533 n.7 (7th Cir. 1995). Mr. Poling had no federal constitutional right at all to a lay advocate at the hearing, Wolff v. McDonnell, 418 U.S. 539, 570 (1974); Miller v. Duckworth, 963 F.2d 1002, 1004 (7th Cir. 1992), so getting to speak to a lay advocate five minutes before the hearing didn't offend due process. Mr. Poling had the right to call

(though not to confront) witnesses at his disciplinary hearing, <u>Wolff v. McDonnell</u>, 418 U.S. at 566-567, but the screening report demonstrates that he didn't ask for any witnesses, and Mr. Poling doesn't contest that.

Mr. Poling had the right to a neutral decision-maker, <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985), but general assertions of institutional bias aren't enough to show a due process violation; an inmate is deprived of a neutral decision-maker only when his decision-maker has a direct personal interest or other substantial involvement in the circumstances giving rise to the institutional charge. <u>Redding v. Fairman</u>, 717 F.2d 1105, 1113 (7th Cir. 1983). Mr. Poling makes no such allegation.

The conduct adjustment board didn't violate any of Mr. Poling's constitutional rights. The court DENIES the petition for writ of habeas corpus.

ENTERED: <u>March 16, 2009</u>

/s/ Robert L. Miller, Jr.  
Chief Judge  
United States District Court